08-6198-ag
Dong v. Holder

BIA
A077 322 364

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of February, two thousand ten.

PRESENT:
>ROSEMARY S. POOLER,
>BARRINGTON D. PARKER,
>RICHARD C. WESLEY,
>>*Circuit Judges.*

_____

YAN ZHEN DONG,
>*Petitioner,*

>v.                                              08-6198-ag
                                                 NAC
ERIC H. HOLDER JR., UNITED STATES
ATTORNEY GENERAL,[*]
>*Respondent.*

_____

FOR PETITIONER:          Andre Sobolevsky, New York, New
                         York.

---

[*] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

**FOR RESPONDENT:**    Tony West, Assistant Attorney General; Russell J. E. Verby, Senior Litigation Counsel; John D. Williams, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Yan Zhen Dong, a native and citizen of the People's Republic of China, seeks review of a December 8, 2008 order of the BIA denying her motion to reopen. *In re Yan Zhen Dong*, No. A077 322 364 (B.I.A. Dec. 8, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). An alien seeking to reopen proceedings must file her motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. *See* 8 C.F.R. § 1003.2(c)(2). However, there is no time limit for filing a motion to reopen if it is "based on changed circumstances arising in

the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing."  8 C.F.R. § 1003.2(c)(3)(ii).  In this case, the BIA reasonably found that Dong's motion to reopen did not qualify for such an exception.  Indeed, Dong neither raised such an argument in her motion to reopen nor submitted any objective evidence of country conditions in China.

Moreover, contrary to Dong's argument, the BIA did not err in relying on the underlying adverse credibility determination in declining to credit her unauthenticated evidence.  *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 146-47 (2d Cir. 2007); *see also Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007).  Additionally, the BIA did not abuse its discretion by declining to consider the 2007 U.S. State Department Country Report on Human Rights Practices in China ("2007 Country Report") because that document was not in the record.  *See Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001).  We will not remand for consideration of such evidence.  *See Xiao Xing Ni v. Gonzales*, 494 F.3d 260, 261-62 (2d Cir. 2007).  Regardless,

3

Dong cites portions of the 2007 Country Report that describe continuity in the enforcement of China's family planning policy as opposed to a change in conditions.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk